IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ADAM CAMPBELL, JR.,              )
                                 )
           Plaintiff,            )
                                 )
    v.                           )    1:11CV327
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social    )
Security,[1]                     )
                                 )
           Defendant.            )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

## I. BACKGROUND

Plaintiff, Adam Campbell, Jr., protectively filed an application for a period of Disability and Disability Insurance Benefits on May 30, 2007, alleging a disability onset date of February 8, 2006. (Tr. 13, 142-48.) It was denied initially and upon reconsideration. (Id. at 79-82, 93-100.) After a hearing, the administrative law judge (ALJ) determined that Plaintiff was not disabled under the Social Security Act ("the Act"). (Id. at 13-23.) The ALJ applied the five-step test (20

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

C.F.R. § 404.1520(a)(4)) and found in step 2 that Plaintiff had the following severe impairments: status post-surgical decompression for left rotator cuff injury with residual chronic pain syndrome, diabetes, and bursitis. (Id. at 15.) At step 3, the ALJ found that Plaintiff did not have a listed impairment. (Id. at 15-16.) The ALJ next concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work in that he could lift and carry up to 20 pounds occasionally and 10 pounds frequently with his right upper extremity, stand and walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (Id. at 16-22.) Plaintiff also retained the RFC to perform sedentary work. (Id.) Plaintiff required a sit/stand option, could not lift more than 5 pounds with his left upper extremity, was prohibited from repetitive overhead activities with his left upper extremities, had a limited capacity for handwriting, and could not perform jobs with a significant need for handwriting. (Id.) At step 4, the ALJ found that Plaintiff could not return to his past relevant work. (Id. at 22.) Last, the ALJ concluded that there were jobs that Plaintiff could perform and so he was not disabled. (Id. at 22-23.) The Appeals Council denied a request for review. (Id. at 1-4.)

## II. ANALYSIS

Plaintiff contends that the ALJ failed to state what weight, if any, he gave the medical opinions of Dr. Kevin P. Speer and Dr. Leo Thomas Barber. (Pl.'s Mem. in Supp. of Mot. for J. Reversing or Modifying Decision of Comm'r ("Pl.'s Mem.") (Doc. 11) at 2-6.) Plaintiff also contends that the ALJ erred at step 5 because his hypothetical to the vocational expert ("VE") did not include a sit/stand option or mention the frequency of the sit/stand option. (Id. at 6-10.)

### A. Any Error in Weighing the Opinions of Drs. Speer and Barber is Harmless

Plaintiff contends that the ALJ failed to state what weight, if any, he afforded the medical opinions of Drs. Speer and Barber. (Pl.'s Mem. (Doc. 11) at 2-6.) The "treating physician rule,"[2] 20 C.F.R. § 404.1527(d)(2), generally provides more weight to the opinion of a treating source, because it may "provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) [which] may bring a unique perspective to the medical evidence." 20 C.F.R. § 404.1527(d)(2). But not all

---

[2] Effective March 26, 2012, after this proceeding was initiated, a regulatory change renumbered, but did not impact the substance of the treating physician rule. 77 Fed. Reg. 10651-10657 (Feb. 23, 2012). Because of its filing date, this Recommendation uses the pre-March 26, 2012 citations.

treating sources are weighed equally. An ALJ refusing to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give it. 20 C.F.R. § 404.1527(d)(2)-(6). These factors include: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors that tend to support or contradict the opinion. Id. A treating source's opinion, like all medical opinions, must be both well-supported by medical signs and laboratory findings and consistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(d)(2)-(4); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); accord Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Opinions by physicians regarding the ultimate issue of whether a plaintiff is disabled within the meaning of the Act never receive controlling weight because the decision on that issue remains for the Commissioner alone. 20 C.F.R. § 404.1527(e). Here, Plaintiff contends that the ALJ violated 20 C.F.R. § 404.1527(d)(2), which requires "good reasons in [the] notice of determination or decision for the

weight we give [a] treating source's opinion."  20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling 96-2p, Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188 ("SSR 96-2p").

**Dr. Kevin Speer (Plaintiff's Treating Orthopedic Surgeon)**

The ALJ discussed Dr. Speer's medical opinion at length (Tr. 19) and then decided not to "give [it] controlling weight because it [was] not consistent with the medical records as a whole."  (Tr. 21.)  Plaintiff faults the ALJ for not explaining further what weight Dr. Speer's opinions received.  It can only be assumed, Plaintiff continues, "that the ALJ gave no weight to those opinions and therefore has violated 20 C.F.R. §§ 404.1527(d)(2) [and] SSR 96-2p."  (Pl.'s Mem. (Doc. 11) at 2.)  However, as Defendant points out, Dr. Speer's opinions are almost entirely consistent with the RFC the ALJ ultimately did adopt.  (Def.'s Mem. in Supp. of Comm'r's Mot. for J. on the Pleadings ("Def.'s Mem.") (Doc. 13) at 5-6.)  The only differences in Dr. Speer's opinions and the ALJ's RFC are accounted for by Plaintiff's own testimony, which the ALJ recited and relied upon in his decision.  (Tr. 21.)  Thus, any error here is ultimately harmless, because the alleged error

clearly had no bearing on the procedure used or the substance of the decision reached.  See Morgan v. Barnhart, 142 Fed. Appx. 716, 722-23 (4th Cir. 2005) (holding that reversal not required upon error in assessing treating physician's opinion where error clearly has no bearing on the proceeding).[3]

Specifically, Plaintiff injured his left shoulder on February 8, 2006.  (Tr. 200.)  Dr. Speer operated on it on September 25, 2006.  (Id. at 300-01.)  On December 14, 2006, Dr. Speer reported that Plaintiff could go back to work as a janitor on January 2, 2007.  (Id. at 311.)  Dr. Speer later gave Plaintiff a 15% disability rating and restricted Plaintiff to 10 pounds lifting and no repetitive overhead activities, which he later changed to 5 pounds lifting and no repetitive overhead activities.  (Id. at 283, 322.)  Plaintiff clarified Dr. Speer's restriction at his hearing, testifying that the lifting restriction was strictly for his left upper extremity.  (Id. at 46.)  Plaintiff also testified that he could pick up a gallon of water with his right hand, weighing 8 pounds, every 15 minutes during an 8-hour workday.  (Id. at 57-58.)  Dr. Speer's restrictions and Plaintiff's testimony are consistent with the

---

[3] See, e.g., Caldwell v. Barnhart, 261 Fed. Appx. 188, 191 (11th Cir. 2008); Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535-36 (6th Cir. 2001).

ALJ's RFC determination for light work that includes lifting with the left upper extremity up to 5 pounds with no repetitive overhead activities and a limited capacity for handwriting. (Id. at 16-22.) The ALJ did not reject Dr. Speer's opinions; he credited them in his RFC, except perhaps insofar as Plaintiff's testimony limited certain restrictions to his left upper extremity.

Plaintiff does not address Dr. Speer's medical records, assert what additional limitations (if any) the ALJ should have considered, or explain why any error here is prejudicial. Plaintiff implies that any error in attributing a degree of weight to a treating physician is per se reversible error, citing Dean v. Astrue, Civil No. 3:08-CV-563-GCM-DCK, 2010 WL 5589358 (W.D.N.C. Dec. 22, 2010). (See Pl.'s Mem. (Doc. 11) at 4-5.) Dean did result in a remand upon the ALJ's failure to explain the weight given to doctors' opinions. Dean v. Astrue, 2010 WL 5589358. Yet, the court did not consider if this error was harmless. Id. at *5. Dean was also remanded on other issues absent here. Id. at *6. Finally, this court finds the analysis in Morgan v. Barnhart, supra, persuasive on these facts. As explained, any error here is harmless.

**Dr. Leo Thomas Barber (Treating Family Physician)**

Nor, for similar reasons, did the ALJ commit reversible error as to Dr. Barber. While the ALJ did not attribute a particular degree of weight to Dr. Barber's opinions, the ALJ acknowledged Dr. Barber a number of times in his decision and discussed his treatment of Plaintiff at some length. (Tr. 19-21.) The ALJ therefore clearly took into consideration the contents of Dr. Barber's treatment notes in concluding that Plaintiff could perform a limited range of light work. And, nowhere in his brief does Plaintiff address the content of Dr. Barber's opinions, assert what additional limitations (if any) the ALJ should have incorporated into his RFC, or make a case as to why any error here is prejudicial. Upon review, it is also apparent that Dr. Barber's medical records are consistent with the ALJ's RFC. (Tr. 372-420.)

It is true that the ALJ did not discuss a one-page letter Dr. Barber wrote on Plaintiff's behalf. (Id. at 488.) It states that Plaintiff's symptoms "restrict[ed] his ability to lift and hold objects and as a result he has been unable to hold a job since his injury" and that "[b]ecause of limited education and job skills, work for which [Plaintiff] is qualified generally requires significant physical exertion. It is

unlikely he will ever improve sufficiently to sustain employment. In my judgment he is permanently disabled."[4] (Id.) Yet, there appears to be a reason why this letter was never addressed by the ALJ. It was not in the record.

More specifically, at the end of the hearing, the ALJ agreed to keep the record open for an additional two weeks beyond the August 6, 2009 hearing date, and stated that "[a]t the end of two weeks, I'll proceed to make my decision . . . ." (Id. at 75.) Plaintiff's attorney did not submit the above-mentioned letter from Dr. Barber to the ALJ within the two-week period (August 7, 2009 through August 21, 2009) set forth by the ALJ. The letter is dated September 10, 2009, weeks after the record was closed. (Id. at 488.) Nor does the record indicate whether the letter was submitted to the ALJ prior to issuance of his September 15, 2009 decision. Plaintiff's counsel later submitted the letter to the Appeals Council, along with an appellate brief, and indicated that the letter "was submitted via Electronic Records Express subsequent to the hearing but was not included in the record." (Id. at 184.) The

---

[4] This court notes that, as discussed in Morgan v. Barnhart, 142 Fed. Appx. at 721-22, the Code of Federal Regulations "draws a distinction between a physician's medical opinions and his legal conclusions." Legal conclusions such as whether a claimant is disabled or unable to work are not entitled to heightened evidentiary value.

Appeals Council then designated the letter as "additional evidence" and made it "part of the record." (Tr. 5.) It concluded that "this information does not provide a basis for changing the [ALJ's] decision." (Id. at 2.) Because the letter was not in the record until Plaintiff was before the Appeals Council, its absence from the ALJ's decision is not error. (Tr. 13-23.)

Even if the letter were before the ALJ, any error is harmless. Most, perhaps all, of the letter does not constitute a medical opinion, because it opines on issues reserved for the ALJ. The only part of the letter that might be a medical opinion — Dr. Barber's statement that Plaintiff is unable to perform "significant physical exertion" — is consistent with the ALJ's conclusion that Plaintiff can perform a restricted range of light work. (Id. at 488.) And, as noted, Dr. Barber's treatment notes are consistent with the ALJ's RFC determination.

Last, Plaintiff objects to the ALJ's reference to Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183 ("SSR 96-5p"). (Pl.'s Mem. (Doc. 11) at 5 (quoting Tr. 21-22) ("[T]reating source opinions on issues . . . reserved to the Commissioner are never entitled to

controlling weight or special significance, and that the issue of meeting the requirements of a listing is still . . . reserved to the Commissioner. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination . . . about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility . . . .").) Plaintiff contends that reference to SSR 96-5p is error because it is not clear what treating source opinion, if any, the ALJ is referencing. However, the ALJ's quote is an accurate—almost verbatim—articulation of SSR 96-5p. The insertion of an accurate recitation of law in the ALJ's decision is not error.

This court finds that Plaintiff has not established prejudicial error as to the ALJ's discussion of Drs. Speer and Barber; any error is harmless on these facts.

**B.  The ALJ's Sit/Stand Restriction is Supported by Substantial Evidence**

Plaintiff next faults the ALJ for not including a sit/stand option in a hypothetical to the VE. (Pl.'s Mem. (Doc. 11) at 6-10.) Hypotheticals must account for all a claimant's limitations. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). Here, the ALJ did not include a sit/stand limitation in a hypothetical to the VE. Rather, he asked the VE if one could

work if limited to light work, could lift only 5 pounds with his left upper extremity, could not engage in overhead activities with his left upper extremity, had limited handwriting ability, and could not manage a significant need for handwriting. (Tr. 69.) The VE replied that such an individual could perform light, unskilled work as a parking lot attendant, a cashier, and gate guard. (Tr. 69-70.) However, in response, the VE also testified that these jobs offered a sit/stand option. (Id. at 70.) The VE's answer included a sit/stand option, thus, any error in the ALJ's hypothetical is harmless. See, e.g., Henley v. Astrue, No. 3:11-CV-488, 2012 WL 2804846, at *4 (W.D.N.C. July 10, 2012).

Plaintiff next faults the ALJ for failing to specify in the RFC assessment the frequency with which Plaintiff needs to sit and stand. (Pl.'s Mem. (Doc. 11) at 8.) Plaintiff notes that Social Security Ruling 83-12, Titles II and XVI: Capability to do Other Work—The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations within a Range of Work or Between Ranges of Work, 1983 WL 31253 ("SSR 83-12") provides "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS [vocational

specialist] should be consulted to clarify the implications for the occupational base." SSR 83-12. Plaintiff also cites SSR 96-9p, which provides that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p. Because it is not known what frequency of the sit/stand option the VE used when responding to the ALJ's hypothetical question, Plaintiff contends, the ALJ erred at step 5.

Defendant contends any error is harmless. (Def.'s Mem. (Doc. 13) at 8-9.) This court agrees. First, the ALJ complied with SSR 83-12 by obtaining expert testimony about three jobs a claimant with limitations like those of the Plaintiff could perform and the expert stated "these jobs . . . do offer a sit/stand option . . . ." (Tr. 70, 66-75.) As for SSR 96-9p, it addresses claimants capable of performing only *sedentary* work. See SSR 96-9p. The ALJ determined Plaintiff could do limited <u>light</u> work. (Tr. 457.) SSR 96-9p is on its face inapplicable.

Second, where an ALJ fails to specify the frequency of alteration in a sit/stand option, the reasonable implication is

that the claimant can sit or stand at his own volition.[5] Though the ALJ here failed to specify in a hypothetical to the VE the frequency of alteration in a hypothetical sit/stand option — and the VE never testified as to the frequency — case law suggests it was implicit that the claimant should be able to sit or stand at-will. Thus, the ALJ's hypothetical, the VE's testimony, and the ALJ's decision are not fatally vague or deficient.

Third, the cases Plaintiff cites are inapposite. Armer v. Apfel and Castrejon v. Apfel involve unskilled sedentary work with a sit/stand limitation, which falls within the parameters of SSR 96-9p, unlike this case, which does not. Nos. 99-7128, 98-CV-424-S, 2000 WL 743680, at *2-3 (10th Cir. June 9, 2000) (unpublished); 131 F. Supp. 2d 1053, 1057 (E.D. Wis. 2001). Vail v. Barnhart is not a reversal based solely upon the ALJ's failure to specify a frequency for the claimant's sit/stand limitation, but upon other errors as well. No. 02-5061, 2003 WL 22810457, at *6 (10th Cir. Nov. 26, 2003) (unpublished).

---

[5] See, e.g., Williams v. Barnhart, 140 Fed. Appx. 932, 936-37 (11th Cir. 2005); Wright v. Astrue, No. 1:09CV0003, 2012 WL 182167, at *8 (M.D.N.C. Jan. 23, 2012) (unpublished); Vallejo v. Astrue, Civil No. 3:10-CV-00445-GCM-DCK, 2011 WL 4595259, at *8-10 (W.D.N.C. Aug. 4, 2011) (unpublished); Smith v. Astrue, No. 5:09cv158/RS/EMT, 2010 WL 3749209, at *19 n.26 (N.D. Fla. Aug. 25, 2010) (unpublished).

Finally, Plaintiff has not pointed to any evidence or explained why he cannot perform the jobs identified by the VE based upon his ability to sit or stand, and Plaintiff's counsel did not question the VE during the hearing on the frequency issue. See Ruff v. Colvin, No. 1:12-cv-165-RJC, 2013 WL 4487502, at *8 (W.D.N.C. Aug. 20, 2013). Plaintiff's argument is weak.

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that Plaintiff's Motion for Judgment Reversing the Commissioner (Doc. 10) is **DENIED,** that Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **GRANTED,** that the final decision of the Commissioner is upheld, and that this action is dismissed with prejudice. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 23rd day of June, 2014.

_William L. Osteen, Jr._
United States District Judge